RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/24/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HECTOR CARRILLO | DOCKET NO. 12-CV-547; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN MARTINEZ, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Hector Carrillo, filed *in forma pauperis* and pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1]. At the time of filing suit, Plaintiff was incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. He complains that his constitutional rights were violated by officials at the United States Penitentiary (USP) in Pollock, Louisiana, who failed to protect him from harm inflicted by another inmate. He named as defendants: Warden Martinez, Assistant Warden Bowe, Assistant Warden Ma'at, Assistant Warden Price, Assistant Warden Micklin, Captain Cotrette, and Lt. Tipton, as well as other individuals whose names are unknown.

### *Plaintiff's Allegations*

Plaintiff alleges, that on December 31, 2011, there was a large prison fight between the PRM prison gang and the "solano"

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

(non-gang) prison inmates. [Doc. #1, p.5] Plaintiff alleges that the defendants knew there was tension between the groups and that gang members were "victimizing" the "Solano" inmates and trying to take over the dining tables that had always been used by the "Solano" inmates.

On December 31, Plaintiff was working in the cafeteria along side two PRM gang members. Some sort of fight began in another area, and the officials "abandon [sic] their stations in the cafeteria and left handfuls of inmates under the supervision of one staff member." [Doc. #1, p.6] Certain staff members walked "beaten and bloody" PRM gang members by the cafeteria window. When the PRM gang members working with Plaintiff saw their "brothers" like that, they turned and went after Plaintiff - the nearest Solano inmate. [Doc. #1, p.6] The two PRM inmates beat Plaintiff for several minutes. Plaintiff eventually escaped and entered the serving line area in an attempt to get to the back kitchen. As he was attempting to enter the back kitchen, the sole officer on duty pulled the door shut and locked it, thereby preventing Plaintiff from reaching safety. The inmates caught and continued to beat Plaintiff, while the officer stood and watched from behind the glass in the locked kitchen door. [Doc. #1, p.7-8]

Warden Martinez informed Plaintiff that he was aware of what happened to Plaintiff and that he would have Plaintiff transferred to another facility where he would be safe. Plaintiff claims that

the defendants knew of the victimization of solano inmates by PRM inmates, and were deliberately indifferent to the safety of the non-gang inmates.

On July 10, 2012, Plaintiff was ordered to amend and supplement his complaint. [Doc. #13] The order was returned to the Clerk by the postal service marked as undeliverable. [Doc. #14] Petitioner filed a notice of change of address with the Court on October 11, 2012. [Doc. #15] On February 8, 2013, the Court directed the Clerk to resend the prior memorandum order to Plaintiff, and ordered the Plaintiff comply with that order by April 22, 2013. [Doc. #16]

### *Law and Analysis*

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). To date, Plaintiff has failed to comply with or respond to the Memorandum Order of July 10, 2012. He was given an extension until April 22, 2013, but has still failed to comply with the Court's

orders.

*Conclusion*

**THEREFORE, IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with FRCP 41(b).

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, this 24th day of October, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4